UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CLARENCE K. CARTER,

        Plaintiff,

   vs.                               1:10-cv-328-TWP-MJD

CHIEF JUSTICE AND JUSTICES OF THE
  SUPREME COURT FOR THE STATE
  OF INDIANA, et al,

        Defendants.

## Entry and Order Directing Dismissal of Action

Clarence Carter brings this action against the Chief Justice and other Justices of the Indiana Supreme Court and the Executive Director and the members of the Indiana Board of Law Examiners. Carter alleges that the defendants have violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution through their promulgation and enforcement of Rule 13 of the Indiana Rules for Admission to the Bar and the Discipline of Attorneys which requires that an applicant to the Indiana bar be a law school graduate. Because Carter's allegations fail to state a claim, the court **grants** the defendants' motion to dismiss (dkt 28).

## Discussion

The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

*Carter's Complaint*

According to Carter's complaint, he has applied without success to various law schools. In consequence, he has no present expectation of graduating from a law school. For this reason, Rule 13 of the Indiana Rules for Admission to the Bar and the Discipline of Attorneys prohibits his admission to the Indiana bar.

Rule 13 sets out the educational requirements for admission to take the Indiana bar examination. With an exception not related to Carter's challenge, Section 4 of Rule 13 specifies that:

> Each applicant for admission to the bar of this Court by written examination shall be required to establish to the satisfaction of the State Board of Law Examiners that the applicant is:
>
> > (A) A graduate of a law school located in the United States which at the time of the applicant's graduation was on the approved list of the Council of Legal Education and Admission to the Bar of the American Bar Association (the Supreme Court of Indiana reserves the right to disapprove any school regardless of ABA approval);
> >
> > (B) A person who satisfactorily has completed the law course required for graduation and furnishes to the Board of Law Examiners a certificate from the Dean thereof . . . .

The purpose of Rule 13, as explained in Section 2 of that Rule, is "to establish minimal educational prerequisites for the effective assistance of counsel in civil or criminal matters and cases in the State of Indiana . . . ."

Carter claims that application of Rule 13 violates his rights to due process and equal protection under the United States Constitution. He sues all of the defendants in their official capacities. He seeks a declaration that Rule 13 is unconstitutional and seeks to enjoin the defendants from applying Rule 13 to him. The defendants are correct that Carter's complaint can be summarized as follows:

> I. Carter's due process rights are violated because Rule 13 prejudges him as unfit to practice law in Indiana.
>
> II. Carter's due process rights are violated because Rule 13 prevents him from proving his fitness to practice law in Indiana.
>
> III. Carter's due process rights are violated because Rule 13 does not "provide any connection" to his fitness to practice law in Indiana.
>
> IV. Carter's due process rights are violated because Rule 13 deprives him of a full and fair opportunity to proves his fitness to practice law in Indiana.
>
> V. Carter's due process rights are violated because Rule 13 gives law schools the authority to deprive him of the opportunity to practice law in Indiana.

VI. Carter's equal protection rights are violated because Rule 13 operates to deprive him of an equal opportunity to practice law in Indiana based on arbitrary law school admission requirements.

VII. Carter's equal protection rights are violated by Rule 13 because he cannot afford to go to law school.

In other words, Counts I through V of Carter's complaint allege violation of due process rights under the United States Constitution, while Counts VI and VII allege equal protection violations.

*Carter's Due Process and Equal Protection Claims*

Neither Carter's due process nor his equal protection allegations survive the motion to dismiss.

Carter alleges that Rule 13 violates his rights under the Due Process Clause because it deprives him of the opportunity to practice law in Indiana and of the opportunity to prove his fitness to practice law in Indiana. Carter has not and could not allege a fundamental right to practice law. *See Scariano v. Justices of the Supreme Court of the State of Indiana*, 38 F.3d 920, 924 (7th Cir. 1994). He also does not allege that he is a member of a suspect class for purposes of equal protection analysis. Because a fundamental right is not implicated and a suspect class is not involved, rational basis review applies to each of Carter's due process and equal protection claims. *See id.* (rational basis test used in analyzing constitutionality of Rule 6 of Indiana Rules for Admission to the Bar and the Discipline of Attorneys); *Schumacher v. Nix,* 965 F.2d 1262, 1268 (3d Cir. 1992) (collecting cases).

Rational basis review does not require that Rule 13 be the "most effective means of regulating bar admission." *Scariano*, 38 F.3d at 925 (citing *Lowrie v. Goldenhersh*, 716 F.2d 401, 401 (7th Cir. 1983)). Rather the Rule need only "have a rational connection with the applicant's fitness or capacity to practice law." *Schware v. Board of Bar Examiners of New Mexico*, 353 U.S. 232, 239 (1957). The requirement that a person graduate from an accredited law school is rationally related to the state's interest in ensuring the competency of its attorneys. "The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975); *see also Schware*, 353 U.S. at 239 ("A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar," as long as the qualifications are rationally related to the applicant's fitness to practice law). Rule 13's stated purpose is "to establish minimal educational prerequisites for the effective assistance of counsel in civil or criminal matters and cases in the State of Indiana." This purpose is rationally related to the State's interest in ensuring the competency of its lawyers. *See Schumacher v. Nix*, 965 F.2d 1262, 1272 (3d Cir. 1992); *Hackin v. Lockwood*, 361 F.2d 499, 504 (9th Cir. 1966). Accordingly, Rule 13 does not violate either the Due Process or the Equal Protection Clauses of the Fourteenth Amendment.

## Conclusion

Carter's allegations that Rule 13's graduation requirement violates due process or equal protection of the Fourteenth Amendment fails and the defendants' motion to dismiss (dkt 28) is granted. Because the action is being dismissed, Carter's motion for leave to file documents electronically (dkt 34) is **denied** as moot.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/07/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana